(C.D. 3275)

CHARLES H. DEMAREST, INC. v. UNITED STATES

United States Customs Court, First Division

(Decided February 5, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON and BECKWORTH, Judges

BECKWORTH, Judge: The merchandise involved in these cases was assessed with duty at 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, and 85 Treas. Dec. 138, T.D. 52476, as manufactures in chief value of wood, not specially provided for. It is claimed to be dutiable at 15 per centum ad valorem under said paragraph 412, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as doors of wood.

Counsel for the respective parties have submitted these cases for decision on the following stipulation.

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialed RS (Commodity Specialist's Initials) by Commodity Specialist Rubin Sokoloff (Commodity Specialist's Name) on the invoices covered by the protests enumerated on Schedule "A" attached hereto and made a part hereof, and assessed with duty at the rate of 16⅔% ad valorem under Par. 412 of the Tariff Act of 1930, as modified, consist of folding doors the

same in all material respects as those the subject of *Gitkin Co.* v. *United States*, C.D. 2997, or louvered folding doors the same in all material respects as those the subject of *B. A. McKenzie & Co., Inc.* v. *United States*, C.D. 3020, wherein both types of articles were held to be dutiable at 15% ad valorem under Par. 412 of the Tariff Act of 1930, as modified by T.D. 54108.

IT IS FURTHER STIPULATED AND AGREED that the records in C.D. 2997 and C.D. 3020 be incorporated in these cases, and that the protests enumerated on Schedule "A" attached hereto and made a part hereof be submitted on this stipulation, said protests being limited to the items marked "A" as aforesaid.

In view of this stipulation, which is accepted as an agreed statement of fact, and on the authority of the decisions cited, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the commodity specialist on the invoices accompanying the entries covered by the protests enumerated on schedule "A", attached hereto and made a part hereof, is properly dutiable at 15 per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as doors of wood.

The protests are sustained and judgment will be entered for the plaintiff.